Per curiam

If the defendant were arrested and discharged by the plaintiff’s consent, the plaintiff cannot now have a new execution against him ; if he were arrested and escaped by thn neglect or permission of the sheriff, the plaintiff may have a new execution against him, though in the latter case the sheriff could not arrest him and hold him in custody upon the old writ; or if he had died in execution, the plaintiff might now have a new execution. The fact as stated at the bar is, that he was arrested and discharged by the sheriff, there being no gaol in the county t.) confine him in; this is not put upon the record by the pleadings, but if it were it could not have much weight, as there is a provision by act of assembly for sucha case, directing the sheriff to confine him in the district gaol; in strictness, the plea should disclose all such circumstances as are essential to make out the defendant’s right to be discharged from the execution prayed for by this sci. fa. The pleadings here, however, arc not drawn cut at length, so that we cannot discover precisely what is the defence intended to be set, up ; we would advise that the pleadings be amended so as to state completely the facts relied upon, Ly the defsadaat, and this was agreed tc„
*18 Et slc adjournatur. 3 Re. 52. Salk. 271. 2 Mo. 136. S Re. 87, 6.